# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TANYA TENNYSON,**

        **Plaintiff,**

**-vs-**                                                                       **Case No. 6:13-cv-609-Orl-18DAB**

**CITIGROUP, BAIN CAPITAL, THOMAS H. LEE PARTNERS, BROADCAST MUSIC INC. BOARD OF DIRECTORS, et al.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **MOTION TO APPEAR IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**       April 12, 2013
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be dismissed, with prejudice.

*Background*

      This case presents with some pertinent history. In a prior suit, Plaintiff, proceeding *pro se*, sued many of the same Defendants in state court, and Defendants Warner, Sony, and Universal removed the complaint to the Tampa Division of this Court. *See Tennyson v. ASCAP, et al.*, Case No. 8:09-cv-1564-T-26AEP. Following dismissal of that complaint, Plaintiff filed an Amended Complaint (Doc. 13 in that case), in which she alleged a "conspiracy" to withhold or divert royalties allegedly

due from compositions written by her deceased father. Upon Plaintiff's motion, the case was transferred to the Orlando division, where it was renumbered Case No. 6:09-cv-1618-MSS-DAB. Following a particularly strenuous motion practice initiated by the *pro se* Plaintiff, including numerous unsuccessful motions to hold defendants in contempt, Judge Scriven dismissed the pertinent complaint **with prejudice** (Doc. 108 in that docket). Plaintiff appealed, and the Eleventh Circuit Court of Appeals affirmed the dismissal (Doc. 127 in that docket, issued as mandate at Doc. 128).

Plaintiff now brings the instant Complaint for conspiracy and other theories relating to the royalties, and pleads, among other things, the "related" 09cv1618 case (Doc. 1, p. 19). She seeks to proceed as a pauper here. It is **respectfully recommended** that the motion be denied and the Complaint be dismissed, with prejudice.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, Plaintiff continues to pursue royalty claims which are foreclosed by appellate affirmance of the dismissal with prejudice. "A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine

-3-

whether a pleading repeats prior claims." *Crisalfi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981), *citing Van Meter v.Morgan*, 518 F.2d 366, 368 (8th Cir.), *cert. denied*, 423 U.S. 896 (1975) . A duplicative complaint that is filed by a plaintiff proceeding in forma pauperis may be dismissed. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Verner-Buchowski v. Beary*, No. 6:09–cv–1966–Orl–31GJK, 2009 WL 4730544, *1 (M.D. Fla. Dec. 7, 2009) ("Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. section 1915 as malicious."); *Hakim v. Levinson,* Civil No. 09-5533, 2010 WL 1705773, *1 (D.N.J. Ap. 26, 2010) ("Complaints may be dismissed as frivolous when they seek to relitigate claims alleging substantially the same facts arising from a common series of events which were previously dismissed.").

To the extent the instant complaint reflects some additional Defendants and Plaintiff has modified her allegations somewhat, dismissal is still appropriate. To the extent she seeks to add new remedies to her dismissed claims against the same defendants, she likely runs afoul of the rule against splitting causes of action. *See Bowman v. Coddington*, No. 8:12–cv–1416–T–24 TBM, 2012 WL 3713580 (M.D. Fla. Aug. 28, 2012), *affirmed Bowman v. Coddington*, --- Fed.Appx. ---- (11th Cir. Apr 18, 2013) (Table, NO. 12-14798) (applying the rule, noting: "All damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all."). To the extent she adds new defendants, she does not provide factual allegations as to actions by specific defendants sufficient to support any plausible non-duplicative claim under *Iqbal*. As the instant action seeks to "relitigate substantially the same facts arising from a common series of events," the Court finds the instant Complaint to be duplicative and frivolous, and therefore **recommends** that the motion to proceed as a pauper be **denied** and the Complaint be **dismissed**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 19, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy