# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TANYA TENNYSON,**

               **Plaintiff,**

**-vs-**                                                                  Case No. 6:13-cv-609-Orl-18DAB

**CITIGROUP, BAIN CAPITAL, THOMAS
H. LEE PARTNERS, BROADCAST
MUSIC INC. BOARD OF DIRECTORS, et
al.,**

               **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. 12)**
>
> **FILED:**       June 12, 2013
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      Plaintiff moves to proceed *in forma pauperis* on appeal of the dismissal by Judge Sharp of her claims against record companies for royalties allegedly due for compositions written by her deceased father. Doc. 6. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

Plaintiff filed her claims in this case on April 12, 2013. Doc. 1.  However, in a prior suit, Plaintiff, proceeding *pro se*, sued many of the same Defendants in state court, and Defendants Warner, Sony, and Universal removed the complaint to the Tampa Division of this Court. *See Tennyson v. ASCAP, et. al*, Case No. 8:09-cv-1564-T-26AEP.  Following dismissal of that complaint, Plaintiff filed an Amended Complaint (Doc. 13 in that case),  in which she alleged a "conspiracy" to withhold or divert royalties allegedly due from compositions written by her deceased father.  Upon Plaintiff's motion, the case was transferred to the Orlando division, where it was renumbered Case No. 6:09-cv-1618-MSS-DAB.  Following a particularly strenuous motion practice initiated by the *pro se* Plaintiff, including numerous unsuccessful motions to hold defendants in contempt, District Judge Scriven dismissed the pertinent complaint **with prejudice** (Doc. 108 in that docket).  Plaintiff appealed, and the Eleventh Circuit Court of Appeals affirmed the dismissal (Doc. 127 in that docket, issued as mandate at Doc. 128).

Plaintiff then brought the instant Complaint for conspiracy and other theories relating to the royalties, and pled, among other things, the "related" 09cv1618 case (Doc. 1 at 19), and seeking to proceed as a pauper.  Upon review of the Motion and the Complaint, on April 22, 2013, this Court recommended that the Motion be denied and the Complaint be dismissed with prejudice.  Doc. 6.  Plaintiff then filed objections.  Doc. 7.  On April 29, 2013, District Judge Sharp entered an order adopting the Court's recommendation and dismissing Plaintiff's Complaint as frivolous.  Doc. 9.  On May 6, 2013, Plaintiff simultaneously moved for reconsideration of Judge Sharp's Order and filed a Notice of Appeal.  Docs. 10, 11.  On June 12, 2013, Plaintiff moved for leave to appeal in forma pauperis.  Doc. 12.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a).  Section 1915 grants broad

discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court shall dismiss the case at any time if the court determines that the action or appeal is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

"A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims." *Crisalfi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981), *citing Van Meter v.Morgan*, 518 F.2d 366, 368 (8th Cir.), *cert. denied*, 423 U.S. 896 (1975) . A duplicative complaint that is filed by a plaintiff proceeding *in forma pauperis* may be dismissed. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Verner-Buchowski v. Beary*, No. 6:09–cv–1966–Orl–31GJK, 2009 WL 4730544, *1 (M.D. Fla. Dec. 7, 2009) ("Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. section 1915 as malicious."); *Hakim v. Levinson,* Civil No. 09-5533, 2010 WL 1705773, *1 (D.N.J. Ap. 26, 2010) ("Complaints may be

dismissed as frivolous when they seek to relitigate claims alleging substantially the same facts arising from a common series of events which were previously dismissed.").

As the Court previously noted, Plaintiff has continued to pursue royalty claims which have been foreclosed by appellate affirmance of the dismissal with prejudice by Judge Scriven in Case No. 6:09-cv-1618-35DAB (*See* Docs. 108, 127 in that docket). The instant action merely seeks to "relitigate substantially the same facts arising from a common series of events," which this Court has already found to be duplicative and frivolous and Judge Sharp adopted in dismissing Plaintiff's Complaint as frivolous. *See* Docs. 6, 9.

Accordingly, Plaintiff's appeal from Judge Sharp's Order is not taken in good faith in light of the frivolousness of Plaintiff's claims and Plaintiff's application to proceed *in forma pauperis* on appeal should be **DENIED**. *See* 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 19, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy